**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYRONE PARKS, | ) NO. CV 13-0173 MMM (SS) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND ORDER DISMISSING** |
| LINDA ROWE, et al., | ) **SECOND AMENDED COMPLAINT WITH** |
| Defendants | ) **LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On March 14, 2013, Plaintiff Tyrone Parks filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against two employees of Lancaster State Prison ("LSP"), where Plaintiff currently resides. The same day, Plaintiff filed a First Amended Complaint, which the Court dismissed with leave to amend.[1] On April 23, 2013, Plaintiff filed a Second Amended Complaint ("2AC").[2]

---

[1] Magistrate judges may dismiss a complaint with leave to amend without approval of the district judge. See McKeever v. Block, 932 F.2d 795, 795 (9th Cir. 1991).

[2] The Proof of Service indicates that Petitioner delivered the 2AC to prison authorities for mailing on April 23, 2013. (2AC at 33).

1   Congress mandates that district courts initially screen civil
2   complaints filed by prisoners seeking redress from a governmental entity
3   or employee.  28 U.S.C. § 1915A(b).  This Court may dismiss such a
4   complaint, or any portions thereof, before service of process if the
5   Court concludes that the complaint (1) is frivolous or malicious,
6   (2) fails to state a claim upon which relief can be granted, or
7   (3) seeks monetary relief from a defendant who is immune from such
8   relief.  28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d
9   1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

**II.**

**ALLEGATIONS OF THE COMPLAINT**

The Second Amended Complaint names as defendants Linda Rowe, senior law librarian at LSP, and J. Curiel, Appeals Coordinator at LSP. (2AC at 2).  Both defendants are sued in their individual capacities.  (Id. at 8).

While Plaintiff's claims are not entirely clear, the gravamen of the Second Amended Complaint is that Defendants Rowe and Curiel improperly denied Plaintiff access to the LSP law library, thereby preventing him from timely filing a petition for writ of certiorari with the United States Supreme Court.  (Id. at 4-5).  Plaintiff alleges that his petition was due on August 13, 2012.  (Id., Exh. D at 26).

---

Therefore, although the Court did not receive the 2AC until May 8, 2013, the Court applies the mailbox rule and deems the 2AC filed on April 23, 2013.  In addition, to avoid confusion, the Court will cite to the 2AC, including exhibits, as if it were consecutively paginated.

Plaintiff claims that on June 6, 2012, he properly requested access to the LSP law library on a Form 22 Request for Interview. (2AC at 4-5). Forty-two days later, on July 18, 2012, Plaintiff filed a grievance complaining that he had not received a response to his June 6 request. (Id. at 5). On July 24, 2012, while his grievance was pending, Plaintiff submitted a "Priority Legal User (PLU) Request and Declaration." (Id., Exh. C at 1). Rowe granted Plaintiff's PLU request that same day, on July 24, 2012. (2AC at 5). On July 27, 2012, Curiel screened Plaintiff's July 18 grievance on the ground that "Plaintiff must first complete a Form 22 Request for Interview to it's [sic] highest level." (Id.). Despite the screening of his grievance, Plaintiff admits that he was given access to the LSP law library on July 30, 2012. (Id. at 6). However, evidently just after Plaintiff's library visit, the LSP law library closed from July 30, 2012 through August 24, 2012 due to an institutional lockdown. (Id., Exh. C at 2).

Plaintiff contends that Rowe violated his First Amendment right of access to the courts by not granting him access to the LSP law library. (2AC at 9). Plaintiff claims that had Rowe provided access to the law library, he would have been able to timely and successfully file his petition for writ of certiorari. (Id.). However, Plaintiff does not identify the claims he allegedly anticipated presenting in his Supreme Court petition or explain why additional library access was necessary for him to file it.

Plaintiff contends that Curiel violated his First Amendment right of access to the courts as well as his Fourteenth Amendment right to Due Process by "screen[ing] out" Plaintiff's grievance through an "illegal

3

screen out" procedure. (Id.). According to Plaintiff, if Curiel had processed Plaintiff's grievance appropriately, Plaintiff would have been able to timely and successfully petition for writ of certiorari. (Id.). Plaintiff seeks compensatory damages of $800,000 and punitive damages of $400,000 against each Defendant. (Id. at 10).

## III.
## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss Plaintiff's Second Amended Complaint due to defects in pleading. Pro se litigants in civil rights cases, however, must be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez, 203 F.3d at 1128-29. Accordingly, the Court grants Plaintiff leave to amend, as indicated below.

**A.  Plaintiff Fails To State A Claim For Denial Of Access To The Courts**

Prisoners have a constitutional right to meaningful access to the courts. Silva v. DiVittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right of access to the courts protects prisoners' right to file civil actions that have "a reasonable basis in law or fact" without "active interference" by the government. Id. at 1102-03 (internal quotation marks and emphasis omitted). The right of access to the courts "does not require prison officials to provide affirmative assistance in the preparation of legal papers," but does prohibit states from "erecting barriers that impede the right of access of incarcerated

4

persons," such as by depriving prisoners of the "tools necessary to challenge their sentences or conditions of confinement." Id. at 1102-03 (internal brackets and quotation marks omitted). Therefore, the Supreme Court has held that prison authorities must provide prisoners with "adequate law libraries" to enable them to pursue their claims. Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).

However, prisoners do not have a "freestanding right" to a law library. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). Law library access is relevant only as it pertains to a prisoner's right to have a "reasonably adequate opportunity to present claimed violations of constitutional rights to the courts." Lewis v. Casey, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). In addition, prisoners are not guaranteed unlimited law library access. Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991). Prisoners are subject to reasonable and necessary prison regulations regarding the time, manner and place in which library resources are used. Id. (citing Lindquist v. Idaho, 776 F.2d 851, 858 (9th Cir. 1985)).

To state a claim for denial of access to the courts, prisoners must allege an actual injury, i.e., that some official action has frustrated or is impeding plaintiff's attempt to bring a nonfrivolous legal claim. Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011). Specifically, in a "backward-looking" access to the courts action,[3] a plaintiff must describe (1) a nonfrivolous underlying claim

---

[3] The Supreme Court distinguishes between "forward-looking" access to the courts claims, in which the plaintiff alleges that official action is frustrating plaintiff's ability to prepare and file a suit at

that was allegedly compromised "to show that the 'arguable' nature of the claim is more than hope"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a "remedy available under the access claim and presently unique to it" that could not be awarded by bringing a separate action on an existing claim. Christopher v. Harbury, 536 U.S. 403, 416, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002).

A missed filing deadline, by itself, is not enough to state an access to the courts claim. The plaintiff must identify his underlying claim and show that it arguably had some merit. See Flagg v. City of Detroit, 715 F.3d 165, 178-79 (6th Cir. 2013) (plaintiff is not required to prove he would have won underlying claim but for government obstruction, but must show that the claim was at least arguably meritorious and not frivolous); Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009) (failure to identify issue that plaintiff would have presented to the court was fatal to his access to the courts claim); Barbour v. Haley, 471 F.3d 1222, 1226 (11th Cir. 2006) (plaintiff alleging denial of access to the courts must "identify within his complaint[] a 'nonfrivolous,' 'arguable' underlying claim") (quoting Harbury, 536 U.S. at 415). A plaintiff must also show how the defendant caused the deadline to be missed. See Vandelft v. Moses, 31 F.3d 794, 798 (9th Cir. 1994) (no actual injury where plaintiff requested library

---

the present time, and "backward-looking" claims, in which plaintiff alleges that due to official action, a specific case cannot now be tried, or be tried with all material evidence. In a backward-looking claim, plaintiff must allege facts showing that the official action resulted in the "loss of an opportunity to sue" or the "loss or inadequate settlement of a meritorious case." Harbury, 536 U.S. at 413-14.

resources after filing deadline had lapsed on one claim and did not show how denial of access to resources for 57 days out of 365 caused plaintiff's failure to file the other claim); Entzi v. Redmann, 485 F.3d 998, 1005 (8th Cir. 2007) (affirming dismissal where the complaint did not explain how the prison's refusal to provide certain resources caused the plaintiff to miss his filing deadline); Hayes v. Woodford, 444 F. Supp. 2d 1127, 1134-35 (S.D. Cal. 2006) (no access to the courts claim where plaintiff did not explain how insufficient resources actually affected filing).

Here, Plaintiff's allegations do not demonstrate that Defendants' acts or omissions hindered his efforts to pursue a nonfrivolous legal claim. Plaintiff contends that had Rowe provided access to the LSP law library, Plaintiff would have timely and successfully filed his petition for writ of certiorari. (Id. at 9). However, Plaintiff does not identify the claims he purportedly intended to present in his petition or explain why his anticipated success on those claims is based on anything "more than hope." Harbury, 536 U.S. 416. The vague assertion that Plaintiff had an unidentified claim that would have succeeded fails to state an access to the courts claim. See Flagg, 715 F.3d at 178-79; Brewster, 587 F.3d at 769; Barbour, 471 F.3d at 1226.

Moreover, according to the complaint, Rowe did grant Plaintiff access to the law library. (2AC at 6). Plaintiff alleges that Rowe became aware of his appeal at some point between June 6 and 27, 2012. (Id. at 5). Although Plaintiff states that he submitted a request for library access on June 6, 2012, Plaintiff admits that he waited forty-two days, until July 18, 2012, before filing a grievance when he did not

1  receive a response. (Id. at 5 & Exh. E at 28). Plaintiff waited even
2  longer to renew his request for library access to Rowe. Plaintiff's own
3  documents show that Rowe immediately granted Plaintiff's PLU status
4  request on July 24, 2012, the same day he submitted it. (Id. at 5 &
5  Exh. C at 17). The fact that Rowe immediately granted Plaintiff's PLU
6  status request on July 24, 2012 suggests that had Plaintiff renewed his
7  library access request earlier, it would have succeeded. (Id.).
8  Plaintiff further admits that he was "actually allowed into the Law
9  Library" on July 30, 2012, shortly after Rowe granted his PLU Request.
10 (Id. at 6). In addition, even though the library was closed immediately
11 after Plaintiff's July 30, 2012 visit until August 24, 2012 due to an
12 institutional lockdown, Plaintiff had access to law library materials
13 before and during the lockdown via "the paging system through the
14 institutional mail." (Id., Exh. C at 2). Plaintiff does not explain
15 why the library visit he was actually granted and the other legal
16 resources available to him were inadequate, particularly when the
17 grounds for his legal claim(s) in his anticipated petition for writ of
18 certiorari presumably had already been presented to the lower courts.
19 The Second Amended Complaint fails to show how Rowe's failure to respond
20 immediately to the June 6, 2012 access request was the cause of
21 Plaintiff's failure to timely file his petition with the Supreme Court.

23     Similarly, Plaintiff fails to allege facts showing that Curiel's
24 allegedly improper screening of his grievance hindered Plaintiff's
25 access to the courts. Plaintiff states that on July 27, 2012, Curiel
26 improperly screened the grievance he had filed on July 18, 2012
27 concerning the lack of response to his June 6, 2012 law library access
28 request. (Id. at 9). However, Rowe granted Plaintiff PLU status on

8

July 24, 2012, thereby rendering Curiel's screening on July 27, 2012 arguably moot. In addition, Plaintiff admits that he went to the library on July 30, 2012, only three days after the allegedly improper screening. (Id. at 6). Plaintiff also had access to library materials via the paging system even during the lockdown. (Id., Exh. C at 2). As such, Plaintiff fails to demonstrate how Curiel's screening of his grievance, even if erroneous or improper, had any effect at all on Plaintiff's ability to research his claims, much less that Curiel impeded Plaintiff's access to the courts and thereby caused him to miss a filing deadline.

Plaintiff's allegations against Defendants Rowe and Curiel fail to show that either Defendant actually impeded Plaintiff's access to the courts or was the cause of Plaintiff's failure to timely file his Supreme Court petition. Accordingly, the Second Amended Complaint must be dismissed, with leave to amend.

**B.  Plaintiff Fails To State A Claim Against Defendant Curiel For Screening Plaintiff's Grievance**

To state a claim under § 1983, a plaintiff must show that (1) the action occurred "under color of state law" and (2) the action resulted in the deprivation of a federal constitutional or statutory right. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). However, the existence of a prison grievance procedure does not create any substantive rights enforceable under the Due Process Clause. See, e.g., Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a

9

procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.") (citations omitted); Doe v. Moore, 410 F.3d 1337, 1350 (11th Cir. 2005) ("State-created procedural rights that do not guarantee a particular substantive outcome are not protected by the Fourteenth Amendment, even where such procedural rights are mandatory.") (internal quotation marks omitted). Consequently, an inmate does not have a right to any particular grievance procedure or result. See, e.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005) (an inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction"). Moreover, a prison official's failure to process a grievance, without more, is insufficient to establish liability under section 1983. See Buckey v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

Here, Plaintiff contends that Curiel "illegally" processed Plaintiff's grievance appeal by screening out the appeal and requesting further documents in violation of "Plaintiff's Fourteenth Amendment Right to Due Process of Law." (2AC at 6, 9). However, as noted above, Plaintiff does not have a constitutional right to any particular grievance process or result. Accordingly, Plaintiff's due process claim against Curiel must be dismissed.

\\
\\
\\

**C.     The Second Amended Complaint Fails To Satisfy Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although detailed factual allegations are not required, the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S. Ct. 1937, 173 L. Ed. 2d 868. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (Id.).

The Second Amended Complaint does not comply with the standards of Rule 8 because it does not clearly allege facts showing that Defendants Rowe and Curiel were the cause of Plaintiff's failure to timely file his petition for writ of certiorari with the Supreme Court. Rowe granted Plaintiff PLU status on July 24, 2012 and Plaintiff was granted library access on July 30, 2012, despite Curiel's screening of his grievance. In addition, many of Plaintiff's allegations concern the handling of his grievance well after the August 13, 2012 deadline to file a petition with the Supreme Court had passed. (2AC at 6-8). As such, the Second Amended Complaint does not sufficiently demonstrate that Defendants' conduct prevented Plaintiff from filing his petition.

**IV.**

**CONCLUSION**

For the reasons stated above, the Second Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a Third Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. The Third Amended Complaint, if any, shall be complete in itself and shall bear both the designation "Third Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter.

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should make clear what specific factual allegations give rise to his claims. Plaintiff is advised to omit any claims for which he lacks a sufficient factual basis. Furthermore, the Third Amended Complaint may not include new Defendants or claims not reasonably related to the allegations in the Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint or otherwise respond to this Order may result in**

**a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Furthermore, because Plaintiff has already had several opportunities to state a claim based on essentially the same facts, failure to correct the deficiencies identified above will result in a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6)</u>. Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). <u>A form Notice of Dismissal is attached for Plaintiff's convenience.</u>**

DATED: July 23, 2013

                                                /S/
                                        SUZANNE H. SEGAL
                                        UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS IT INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**